### KEELER AND FREEMAN v. FIELD AND OTHERS.

Where a merchant contracted for goods, the price to be secured by his note indorsed by B. and C., and the goods in the meantime were forwarded to his residence, held, that the property was not changed until the delivery of the note, and that B. & C. to whom he had assigned the goods to secure an antecedent debt, could not hold them against the vendor.

THE defendant Field, a merchant in Marcellus, applied to the complainants at New York, to purchase a quantity of goods on credit. They were unwilling to let the goods go on his individual credit, but consented to put up the goods and *forward them to him at Marcellus, he engaging, on his return home, to send them his notes, indorsed by

*margin:* 1829.

Keeler
v.
Field.

January 7th.

[*313]

1829.

Keeler
v.
Field.

Bixby and Chapman, for the amount. The goods were accordingly selected by Field, and notes for the amount drawn by the complainants and delivered to him, to be returned to them after being thus indorsed. The goods were put up and forwarded to Field at Marcellus, and were duly received by him. But instead of sending the notes to the complainants, he never requested Bixby and Chapman to indorse them; and soon after the goods arrived, he assigned the same, together with his whole stock in trade, to Bixby and Chapman, to secure them for responsibilities which they had previously incurred, and to pay the surplus, if any, to his creditors generally. The complainants filed their bill in this cause, and prayed an injunction to prevent Bixby and Chapman from selling the goods thus obtained. The answers admitted the principal matters alleged in the bill, but the defendants, Bixby and Chapman, denied all knowledge or information as to the complainants' rights, or the manner in which the goods had been obtained, until since the filing of the bill.

*Wells and Bushnell*, for the complainants:—The complainants have an equitable lien on the goods sold to the defendant Field. The sale was upon condition, and the condition not having been performed, the title to the goods never passed to Field; and Field, therefore, never acquired any right which could be conveyed by a voluntary assignment to the defendants Bixby and Chapman. A voluntary assignment of goods by an insolvent debtor, to pay other creditors than the person from whom they were purchased, was an act of fraud upon him, and could not defeat his equitable lien. (*Haggerty* v. *Palmer*, 6 John. Ch. R. 437.) Fraud, in cases of this kind, will be presumed in law, except as to *bona fide* purchasers for a valuable consideration, and without notice. (*Hussey* v. *Thornton*, 4 Mass. R. 405; *Palmer* v. *Hand*, 13 John. R. 434; *Coddington* v. *Bay*, 20 John. R. 637.) An assignment in bankruptcy does not defeat an equitable lien. (Lord Seaforth, *ex parte*, 19 Ves.

235.) Neither does an assignment under our insolvent laws, nor an attachment, nor a *judgment. (*Kip* v. *The Bank of New York*, 10 John. R. 63 ; *Jackson* v. *Dubois*, 4 John. R. 216 ; *Buffington* v. *Gerrish*, 15 Mass. R. 156.) Persons taking under an act of law, without notice of an equitable lien, take subject to it. Sugden on Vendors, 398.) The defendants, Bixby and Chapman, have confounded a part of the goods with their own. The rule of law requires them to distinguish the goods so mixed, or to lose their own. (*Hart* v. *Ten Eyck*, 2 John. Ch. R. 62.) The circumstances of the case show clearly fraud in fact. The costs ought to be charged upon the goods assigned to Bixby and Chapman, exclusive of the goods of the complainants ; and if they prove insufficient, then upon the assignees personally. They, by improperly refusing to deliver up the goods in question, have made themselves liable for the costs. (*Livingston* v. *Byrne*, 11 John. 555 ; *Gray* v. *Thompson*, 1 John. Ch. R. 82; *Tiernan* v. *Wilson*, 6 John. Ch. R. 411.)

*L. H. Sanford*, for defendants Bixby and Chapman: There is no fraud imputable to Field. The property in the goods vested in him upon delivery ; and the complainants, by giving possession of the goods to Field, lost all lien upon them for the purchase-money, although Field failed in performing his part of the contract. The only remedy of the complainants is an action against Field. If they had intended to retain their property in the goods, they should have refused to deliver them until the notes were obtained. (*Chapman* v. *Lathrop*, 6 Cowen, 110, 115 ; *Conyers* v. *Ennis*, 2 Mason, 236 ; *Hussey* v. *Thornton*, 4 Mass. R. 405.) The defendants, Bixby and Chapman, are *bona fide* assignees without notice, and are protected, although the sale to Field should be adjudged fraudulent. The rule is well settled that, although a person obtains goods by a fraudulent purchase, which is void as to himself, yet if he afterwards sell them to a *bona fide* purchaser without notice of the fraud,

1829.

Keeler
v.
Field.

[*315]

the property will pass to the latter. (*Mowry and others* v. *Walsh*, 8 Cowen, 238; *Hollingsworth* v. *Napier*, 3 Caines, 182; *Parker* v. *Patrick*, 5 T. R. 175.) Field had a right to prefer Bixby and Chapman to his other creditors. (*Hendrick* v. *Robinson*, 2 John. Ch. R. 283; 17 John. R. 438; *Mackie* v. *Cairns*, 5 Cowen, 547.) The complainants have made a *groundless imputation of fraud against the defendants Bixby and Chapman, and, therefore, ought to be charged with costs. (*Mayor, &c., of Colchester* v. *Lowten*, 1 Ves. & Beame, 226, 248; *Conyers* v. *Ennis*, 2 Mason, 236; *Chapman* v. *Lathrop*, 6 Cowen, 110, 116, and note.) Bixby and Chapman are in effect trustees, and should not, therefore, be decreed to pay costs. (*Minuse* v. *Cox*, 5 John. Ch. R. 541.

THE CHANCELLOR:—The sale of the goods in this case was conditional; and until the delivery of the indorsed notes the vendors retained a lien which could not be defeated by the voluntary assignment of the goods by Field, to secure antecedent debts or responsibilities.[1] The case of *Haggerty* v. *Palmer*, (6 John. Ch. Rep. 437,) is in point, and shows that the assignees cannot retain the goods obtained under such circumstances. It was a fraud on the part of Field, to assign the goods before he had procured and sent the indorsed notes. Although the other defendants were not aware of the fraud, at the time they took the assignment, they did not purchase and pay for the goods in the ordinary course of business, and are not entitled to retain them against the equitable claim of the vendors.

They are, however, only answerable for the goods set out in the schedule annexed to their answers, as there is no evidence in the cause, or admission in the answers, from

[1] See *Russell* v. *Minor*, 22 Wen. 659; *Corlies* v. *Gardner*, 2 Hall, (N. Y.,) 345. But if the vendor does not *demand* the note at the time of delivery, it is a waiver of the condition, and the goods pass to the vendee. *Lupin* v. *Marie*, 6 Wen. 77; *Hennequin* v. *Sands*, 25 id. 640; see also *Mills* v. *Hallock*, 3 Edw. Ch. 652.

which it can be inferred that they received any other part of the goods. As the complainants did not give information of their rights, and request a delivery of the goods previous to the filing of their bill, Bixby and Chapman are not chargeable with any part of the complainant's costs; but having resisted a legal claim, after they had obtained that information, they must bear their own costs.

There must be a decree that Bixby and Chapman deliver to the complainants, at Marcellus, upon request, the goods mentioned in schedule A., annexed to their answer; and that the defendant Field, pay to the complainants the interest on the whole value of the goods received by him from the complainants, from the time the goods were assigned by him to Bixby and Chapman, until the delivery of that part of the goods to the *complainants; and that he also pay for the balance of goods which are not so delivered, with interest thereon, from the time when the goods mentioned in schedule A. are returned to the complainants.